IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENNETH D. COPELAND**                                                             **PLANTIFF**

**V.**

                                                    **CIVIL ACTION NO. 3:20CV585 CWR-LGI**

**DR. ANTHONY CHAMBERS**                                                         **DEFENDANT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

        Kenneth Copeland files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Dr. Anthony Chambers, Clinical Director for the Health Services Department at the Federal Correctional Complex in Yazoo City, Mississippi, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Plaintiff alleges that he was exposed to an inmate with tuberculosis and is now experiencing symptoms, including chronic coughing, chest tightening, and shortness of breath. Plaintiff maintains that as the Clinical Director at FCC-Yazoo, Dr. Chambers is responsible for his exposure because he oversees the health services at the facility and has a duty to train staff to annually test individuals who are visibly symptomatic carriers. Before the Court is Defendant Chambers's motion for summary judgment. Defendant Chambers moves for summary judgment on the grounds that he is entitled to absolute immunity, and Plaintiff has failed to exhaust administrative remedies that were available to him through the Bureau of Prison's administrative remedy program before filing his *Bivens* Complaint. Plaintiff has not responded to the motion.

Having considered the submissions of the parties and the applicable law, the undersigned recommends that Dr. Chambers's motion be granted for the reasons that follow and that he be dismissed with prejudice.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the moving party can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248. The evidence and any inferences therefrom are viewed in the light most favorable to the non-movant. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).

## DISCUSSION

In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 389–98. Unlike § 1983, *Bivens* is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi* —U.S.— 137 S. Ct. 1843, 1854, 198 L. Ed. 2d 290 (2017). It was created as a judicially remedy in 1979 to address a Fourth Amendment claim for

2

unreasonable search and seizure. *Bivens*, 403 U.S. at 389–90 (manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment). Since then, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980)." *Butts v. Martin*, 877 F.3d 571, 571 (5th Cir. 2017) (citation omitted). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *See Ziglar*, 137 S. Ct. at 1855. In the decades since, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1865–69 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, — U.S.—140 S. Ct. 735, 742–43, 206 L. Ed. 2d 29 (2020) (internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The rationale being that "Congress is best positioned to evaluate whether, and the extent to which, monetary and other

liabilities should be imposed upon individual officers and employees of the Federal Government based on constitutional torts." *Id.* (internal quotation marks omitted).

Though the Court has indicated that the availability of a *Bivens* remedy is "antecedent" to any other questions presented, it has acknowledged that "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy [,] is appropriate in many cases" when the issue is not "sensitive" or "far reaching." *See Hernandez v. Mesa*, —U.S.—137 S. Ct. 2003, 2006, 198 L. Ed. 2d 625 (2017) (internal punctuation marks omitted and modified). In that instance, lower courts should apply a two-part test to determine whether a *Bivens* remedy should be extended: (1) whether the *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020), *cert. denied,* 141 S. Ct. 2669, 210 L. Ed. 2d 832 (2021), *reh'g denied,* 141 S. Ct. 2886, 210 L. Ed. 2d 1000 (2021); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citing *Butts*, 877 F.3d at 587). If that test were applied here, the undersigned submits that a *Bivens* remedy would likely be foreclosed for the same reasons that Plaintiff's underlying claim fails.

While *Bivens* has been applied to Eighth Amendment claims for deliberate indifference to serious medical needs, it has never been extended to the supervisory claims as asserted herein. *Carlson*, 446 U.S. at 19; *Hernandez*, 140 S. Ct. 735. ("A *Bivens* claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.").

4

"Supervising officials are liable for their own deliberate indifference but are not vicariously liable for their subordinates' conduct. A supervisor is deliberately indifferent if, with subjective knowledge of the substantial risk of serious harm, he or she fails to supervise a subordinate and this failure causes a prisoner's rights to be violated." *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). Plaintiff's allegations do not meet this standard, however. He does not produce evidence that Dr. Chambers had subjective knowledge of his alleged exposure, or that Dr. Chambers denied or delayed him medical treatment. Moreover, a supervisor's failure to train or supervise subordinates is established only if that failure amounts to deliberate indifference and there is a causal link between it and the constitutional violation. *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011) (citing *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009)). Plaintiff has not alleged facts with sufficient specificity establishing the necessary causal link. *Petzold,* 946 F.3d. at 247-48. ("[W]hile we review the evidence in the light most favorable to the nonmoving party, conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party.") (citation and internal quotation marks omitted).

      Further, Dr. Chambers is entitled to absolute immunity from this lawsuit under the Public Health Service Act, 42 U.S.C. § 233(a). This Act provides that an action against the United States under the Federal Tort Claims Act (FTCA) is the exclusive remedy "for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within

the scope of his office or employment." The United States Supreme Court has specifically held that section 233(a) provides PHS employees with absolute immunity from *Bivens* claims. *Hui v. Castaneda*, 559 U.S. 799, 812 (2010).

Dr. Chambers's affidavit, submitted in support of his summary judgment motion, confirms that he is a Commander for the United States Public Health Service (USPHS), employed by it and detailed to the Federal Bureau of Prisons as the Clinical Director for the Health Services Department at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi. He has been employed as a commissioned officer in the USPHS at FCC Yazoo City since September 21, 1997. At all times relevant to the Complaint, Dr. Chambers asserts that he was acting within the course and scope of his office as Clinical Director, and any medical treatment provided would have been done solely within the scope of his official duties as a commissioned officer in the USPHS.  Plaintiff has not contested this assertion, or otherwise responded to the instant motion.  Courts have also previously acknowledged Dr. Chambers's status. *Jenkins v. United States*, 733 F. App'x 218, 219 (5th Cir. 2018) ("the district court correctly noted that Chambers's undisputed status as an employee of the U.S. Public Health Service afforded him absolute immunity") (citing *Hui*, 559 U.S. at 812).  *See also Brown v. Fed. Bureau of Prisons,* No. 5:11CV63-DCB-RHW, 2012 WL 1067666 (S.D. Miss. Mar. 29, 2012) (the proper party to an FTCA suit is the United States and because Dr. Chambers is a certified public health service officer, he is provided absolute immunity from a *Bivens* claim) (citing *Hui*, 559 U.S. at 812).

It is beyond dispute that in light of the statutory exemption in 42 U.S.C. § 233(a), a *Bivens* constitutional tort action cannot be maintained against Public Health Service employees like Dr. Chambers for harms arising out of alleged constitutional violations committed while acting with the scope of their employment. *Hui*, 559 U.S. at 812. Nor does the FTCA provide a jurisdictional basis for Plaintiff's claims against Dr. Chambers, as FTCA claims may be brought against only the United States, and not the agencies or employees of the United States. *See* 28 U.S.C. § § 2671, 2679(a), (b)(1) (the action must be brought against the United States as the sole defendant).

For the reasons stated herein, the undersigned recommends that the Motion for Summary Judgment filed by Defendant Dr. Chambers be granted and the Complaint against him be dismissed with prejudice. Because the Court so finds, it need not address Plaintiff's lack of exhaustion.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted on January 20, 2022.

                                    s/ LaKeysha Greer Isaac
                                    UNITED STATES MAGISTRATE JUDGE